



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

**MEMO ENDORSED**
p. 4

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

July 15, 2008

BY HAND
Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007



Re: Green v. Central Office Review Committee, et al.,
07 Cv. 4536 (RMB)(JCF)

Dear Judge Berman:

The purpose of this letter is to request a pre-motion conference pursuant to your Honor's Individual Practices, Rule 2.A, to discuss defendants' anticipated motion to dismiss plaintiff's complaint in its entirety.[1]  As defendants are required to answer or move by July 15, 2008,

---

[1] The U.S. Marshals Service has executed service of process on 11 of the 26 defendants named in this action. Of these, 10 have requested representation from the Office of the Attorney General. This letter is submitted on their behalf. However, the arguments contained in this letter and any subsequent motion will militate in favor of dismissing all of plaintiff's claims against all defendants.
  Defendants Guiney, Haponik, Hagget, Lyder, Casaceli, Lt. "John Doe", Montegari, Markham, Keirnan, Tierney, Austin, Tillotson, O'Connor and Kaufman have not been served with the complaint. Pursuant to Magistrate Francis' March 6, 2008 Order, plaintiff was directed to serve defendants by April 15, 2008, with no extensions permitted. Defendant Central Office Review Committee ("CORC") is not a corporate entity which can be sued. Accordingly, the Court should dismiss the complaint sua sponte as to those defendants.
  Of the defendants served with process, 8 were served by plaintiff after the deadline set by Magistrate Francis. Accordingly, the complaint should be dismissed as against defendants Masterson, Philips, Johnson, Alexis, Goidel, Schneider, Huttel and Leete for plaintiff's failure to serve process in a timely manner.

defendants respectfully request that submission and service of this letter fulfills the pleading requirement pending the pre-motion conference.

Plaintiff brought this action pro se pursuant to 42 U.S.C. § 1983 on January 24, 2007. Because of numerous deficiencies, the Court ordered plaintiff to file an amended complaint on May 30, 2007. See Judge Wood's May 30, 2007 Order (the "May Order"), at p. 11. Plaintiff filed an amended complaint on July 30, 2007 asserting claims of discrimination, conspiracy, retaliation and violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA") arising out of alleged problems at Green Haven Correctional Facility including lost property, poor lighting and restrictions on facial hair clippers in the Special Housing Unit ("SHU").

Plaintiff's complaint is fraught with allegations that prison officials in supervisory roles were liable for constitutional violations after learning of alleged unlawful conduct through a grievance, complaint or memorandum. The allegations do not amount to sufficient personal involvement by the supervisory defendants to support Section 1983 liability. See Provost v. City of Newburgh, 262 F3d 146, 154 (2d Cir. 2001); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Since defendants are not alleged to have had a "direct and personal responsibility for the purportedly unlawful conduct of subordinates," plaintiff's supervisory liability claims should be dismissed. Black v. United States, 534 F.2d 524, 527-28 (2d Cir. 1976).

Plaintiff's ADA claim arising from prison officials' alleged denial of a "facial [hair] cut" request should be dismissed because plaintiff has not alleged that he has been denied a benefit "by reason of his disability." Clarkson v. Coughlin, 898 F. Supp. 1019, 1037 (S.D.N.Y. 1995). The Court has already determined that plaintiff was denied his "facial cut" request because he was housed in SHU. May Order, at 9. Since plaintiff has not alleged any additional facts to establish that the denial of the service was due to any reason other than his placement in SHU, his ADA claim should be dismissed. Moreover, it is doubtful that plaintiff's request for hair clippers is a service protected

by Title II of the ADA. See Tennessee v. Lane, 541 U.S. 509, 522 (2004)(Title II seeks to enforce basic constitutional guarantees). Moreover, Title II of the ADA does not provide for monetary claims against individuals. See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 207 (2d Cir. 2001). Plaintiff's complaint also fails to state a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment given that services for facial hair clipping are provided in SHU if plaintiff follows procedural requirements. May Order, at p. 9.

Plaintiff alleges conspiracy between at least eight prison officials by claiming, without any details, that each conspirator conducted alleged incomplete or frivolous investigations into plaintiff's various grievances and "shar[ed] the general conspiratorial objective in an agreement, understanding by a meeting of the minds." Compl., p. 6. These claims should be dismissed as conclusory. See Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997)(complaints containing only conclusory, vague, or general allegations of conspiracy cannot withstand a motion to dismiss). Likewise, plaintiff claims that certain prison officials retaliated against him for filing grievances; however, plaintiff does not provide any information which would describe how the adverse actions were connected to plaintiff's grievances. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(detailed fact pleading is necessary); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)(conclusory claims of retaliation can be dismissed on the pleadings alone).

On these bases, and other grounds to be brought before the Court, defendants respectfully request a pre-motion conference to discuss defendants' anticipated motion to dismiss.

Respectfully submitted,

*/s/ Wesley E. Bauman*
WESLEY E. BAUMAN
Assistant Attorney General
(212) 416-6296

cc:   Honorable James C. Francis (by hand)
      Shawn Green, pro se (by regular mail)

> Plaintiff may respond with a 2-3 page letter by 7/29/08. A pre-motion conference is set for 7/30/08 at 9:30 a.m. Defendants are to make arrangements for Plaintiff to appear by phone.
>
> SO ORDERED:
> Date: 7/16/08     *Richard A. Berman*
> Richard M. Berman, U.S.D.J.