# MEMO ENDORSED

PRO SE LITIGANT
PRISONER OF NYS
DEPARTMENT OF CORRECTIONAL SERVICES

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/08

BY REGULAR MAIL

Honorable Richard M. Berman
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re: Green v. CORC, et al.,
07 Civ. 4536 (RMB)(JCF)

Judge Berman;

> The pre-motion conference on 9/2/08 at 11:30 a.m. will proceed as scheduled. Defendants to arrange for Plaintiff to appear by phone.
>
> SO ORDERED:
> Date: 8/1/08
> Richard M. Berman, U.S.D.J.

I am the, pro se, plaintiff in the above-caption matter and submit this letter in response to Defendant's attorney pre-motion conference request, dated July 15, 2008. The deficiencies in plaintiff original complaint had been rectified with amended one and contrary to Defendant's fraught summary of arguments that will be asserted within anticipated Motion to Dismiss. The prison officials in supervisory roles sufficient personal involvement amount to liability. Whether appointed, assigned or arranged by scheduling the duties and functions for each claim asserted by plaintiff pertaining to every defendant in positions who had the authority to provide a remedy, correct or prevent matters thereof. Likewise, the Defendant's attorney seem to have misconstrued, without taken into account the defendants duties (Public Officers Law § 17[2][b]) plaintiff claims in amended complaint with assertions like he has not alleged being denied a benefit "by reason of his disability" (pg.2), "services for facial hair clipping are provided in SHU if plaintiff follows procedural requirements", "alleges conspiracy between at least eight prisons officials ... without any details" and did "not provide any information which would describe how the adverse actions were connected to plaintiff's grievances" (pg.3); due to Bauman failure to seek information and material about circumstances set forth in amended complaint the State issuances of shaving equipment for inmates to shave (7NYCRRS 304.5[b], 1704.5[a][4]), there is a directive #2614 that's a progeny of ADA plaintiff satisfied as well as complied with[1], the result of audit on Green Haven

---

[1]. A prisoners appearance is a life necessity that's a reason shaving equipment provided to service which Defendant's should have been aware of when inform of plaintiff disability situation could lead to a health risk (i.e. lice, minor skin disorder), rule violation (i.e. 110.32) and/or a drastic change in plaintiff appearance.

Inmate Grievance Program, investigation reports for facility claims, grievances and complaints filed by plaintiff at Green Haven as well as the results stemming therefrom also according to plaintiff intrepertation of retaliation criteria, the constitutional activities and adverse actions connection are not to be describe but proven (Baskerville v. Blot, 224 F. Supp. 2d 723) and Defendant's request letter does not mention any of the discrimination claims to warrant dismissal of entire complaint. Nevertheless, amended complaint met Rule 8(a)(2) requirement by given the Defendant's fair notice of what the claims are and the grounds upon which they rest (Erickson v. Pardus, 127 S.Ct. 2197, 2200) since the acts, transactions, occurrence or events therein are recorded as a regular course of correctional facilities business. CPLR§ 4518(a). Otherwise any failures to specify the allegations in a manner suitable to Bauman that provides sufficient notice can be clarfied with a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.CT. 992, 998.

   As for the time limit for service of summons and complaint plaintiff weren't provided the 120 days permitted also a delay in service is attributable to the Marshal's Services negligence in returning process on several occassions with identical cover letters, dated March 25 & 28, 2008, June 3, 2008 (attach), after receiving certified copies of necessary documents to effect service on Kenneth McLaughlin March 24, 2008 (Stoenescu v. Jablonsky, 162 F.R.D. 268, 270) and Judge Francis was notified Pro Se Office did not provide the necessary documents to execute service until February 26, 2008 to plaintiff in March 6, 2008 response letter to the Judge's dated February 20, 2008 are good causes to excuse delay. Therefore, plaintiff should be granted a permissive extension for Defendant's service was eventually accomplished upon beyond time period permitted as well as, although 120 days hadn't been allotted, a specified time to complete service on remaining Defendant's once additional certified copies are issued for Marshal's to effect service, unless Mr. Bauman is willing to contact those Defendant's not yet served to inquiry would they be interested in waiving service pursuant to Rule 4(d) since counsel would be submitting motions on their behalf as well anyway. Howard v. Klynveld Peat Marwick, 977 F. Supp. 654, 658.

   On these bases, and other grounds to be brought before the Court, Plaintiff respectfully oppose Defendants' anticipated motion to dismiss, but not request for a pre-motion conference.

Date: July 25, 2008
Chemung, New York

                              Respectfully Submitted,

                              /s/

                              Pro Se, Shawn Green, 97A0801
                              Elmira Correctional Facility
                              P.O. Box 500
                              Elmira, New York, 14902


cc: Wesley E. Bauman (by regular mail)

-3-